■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FREDERICK E. WILT, Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered December 20, 1972, upon a jury verdict convicting defendant of two counts of criminal possession of a forged instrument in the second degree and one count of grand larceny in the third degree. Defendant was indicted by the adjourned June, 1970 Term of the Chemung County Grand Jury for the crimes of criminal possession of a forged instrument and grand larceny, which he allegedly committed in November, 1969. While jailed in Maryland in February of 1971, he learned that a detainer had been filed against him there relative to this indictment, and the following July he served upon the Chemung County Clerk's office a motion for a speedy trial. When this action evoked no response, he moved on January 25, 1972, while incarcerated in Tennessee, to dismiss the indictment upon the ground that he had been denied a speedy trial. The County Court did not rule upon this motion at the time, but the District Attorney's office shortly thereafter requested temporary custody of the defendant from Tennessee authorities pursuant to article 580 of the Penal Law. Defendant refused to waive extradition then, however, and, on June 11, 1972, petitioned the Appellate Division for an order directing the Chemung County Court to dismiss the detainer warrants filed against him by the District Attorney. Later that same month he waived extradition and was transported to New York where, on September 13, 1972, he again moved for dismissal of the indictment because he had been denied a speedy trial. This motion was denied. On October 10, 1972 the case came on for trial in Chemung County Court. The basis of the prosecution's case was that defendant's fingerprints were found on two of the forged checks and the testimony of one Judith Hoff, who had apparently aided in the preparations for and shared in the fruits of the alleged criminal conduct. Defendant was

convicted as noted above and sentenced to an indeterminate term of imprisonment not to exceed seven years on each of the first two counts and four years on the third count, sentences to run concurrently. Meanwhile, on October 18, 1972, his petition to the Appellate Division to dismiss the detainer warrants was dismissed. Defendant first contends on this appeal that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment to the United States Constitution and, consequently, that the trial court should have granted his motion to dismiss the indictment. His reasoning relative to this contention is most persuasive and has strong support in the case law and, hence, we find this issue to be dispositive of the case. The Sixth Amendment guarantee of a speedy trial is clearly applicable to State criminal prosecutions (*Klopfer* v. *North Carolina*, 386 U. S. 213), and, in determining whether a defendant has been denied this right, we should consider such factors as the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant (*Barker* v. *Wingo*, 407 U. S. 514). Moreover, that the accused is serving a prison sentence imposed by another jurisdiction in no way dispenses with his right to a speedy trial, but imposes an additional burden upon the prosecution to make a diligent good faith effort to bring the accused before the court for trial (*Smith* v. *Hooey*, 393 U. S. 374). Indeed, the prejudice which results from a delay in prosecution is increased for one incarcerated without the State, as he is isolated far from the place where the alleged offense took place, and obviously hampered in preparing his defense (*Smith* v. *Hooey, supra*). When we apply these guidelines to the instant case, it becomes readily manifest that a dismissal of the indictment is in order. There was an unquestionably long delay of more than two years between indictment and trial, and it is clear that defendant asserted his right to a speedy trial and was prejudiced by its delay (cf. *Barker* v. *Wingo, supra*). Furthermore, even defendant's alleged refusal to waive extradition at one point in the proceedings does not serve to defeat his claim as, at the time of his refusal, the prosecution was already untimely (cf. *People* v. *Winfrey*, 20 N Y 2d 138). Likewise, the District Attorney's allegation of congested calendar conditions made originally on this appeal is unpersuasive. The facts in *People* v. *Wallace* (26 N Y 2d 371) are markedly similar to this case. The defendant there was indicted by a Richmond County Grand Jury while incarcerated in a Georgia Federal prison. A detainer was lodged with the Federal authorities, but defendant was not arraigned in New York until 11 months after the filing of the indictment. Such being the case, the Court of Appeals held that defendant had been denied a speedy trial as the People could offer no valid excuse for their inaction. We reach a like result here. In view of this conclusion, we need not discuss the other issues raised. Judgment reversed, on the law and the facts, and indictment dismissed. Herlihy, P. J., Cooke, Sweeney, Kane and Main, JJ., concur.